## KENNEDY *v.* THE STATE.

1. A perfect and complete showing for a continuance, on the ground of the absence of a witness, ought not to have been disregarded, and the continuance denied, merely because it appeared by way of a countershowing that the witness, a married woman, had, in effect, stated to another she knew nothing about the case, and had failed to communicate to her husband any knowledge on her part as to the facts involved.
2. There was no error, in the trial of a criminal case, in refusing to admit evidence offered to show that "defendant had an opportunity to escape jail in a general jail delivery, about one month before his trial, but did not avail himself of the opportunity to escape," such evidence being of no probative value in shedding light upon the question of his guilt or innocence of the crime with which he stood charged.
3. The charges complained of in the motion for a new trial were substantially correct.

Argued May 17, — Decided June 11, 1897.

Indictment for assault with intent to murder. Before Judge Reese. Madison superior court. March term, 1897.

*S. J. Tribble* and *H. C. Tuck*, for plaintiff in error.

*R. H. Lewis*, solicitor-general, contra.

LUMPKIN, P. J. 1. The accused made a showing for a continuance, which complied with every requirement of the statute. The ground of it was the absence of a female witness by

whom he expected to prove matters tending strongly to establish the defense upon which he relied. By way of a counter-showing on the part of the State, it was made to appear that this witness had stated to another, in effect, that she knew nothing about the case; and it was shown further that she had failed to communicate to her husband any knowledge on her part as to the facts in controversy. It was argued from these circumstances that the accused could not prove by this witness, were she present, the facts set up in his showing for a continuance as being what he expected to prove by her. The trial judge seems to have been of the opinion that the counter-showing made by the State established this woman's ignorance of the transaction under review, and that therefore her absence could not be injurious to the accused. In this view we can not concur. See *Horn* v. *The State*, 62 *Ga.* 362.

Whether a witness does, or does not, know anything about a case is not necessarily a matter exclusively within the knowledge of the witness. He or she may know much that is material in a given case, without being aware of the fact; and besides, experience has shown that a witness, in mere loose conversation, will, in order to avoid being brought into court, profess ignorance, when an examination under oath would develop knowledge on his part as to the matter in controversy. The fact that the woman whose testimony the accused desired in the present case did not talk to her husband about the matter, ought not to have led to a denial of the continuance. It is true that all women talk—more or less—whether married or single; but it by no means follows that every married woman tells her husband all she knows. It is quite possible this particular woman may have known something which would have aided the accused in his defense, notwithstanding the fact that she had not made any communication thereof to her husband.

2. The accused desired to prove that he had not availed himself of an opportunity to escape from jail when the same was presented about one month before his trial. We think the court properly refused to admit evidence offered for this purpose. The fact thus sought to be shown was clearly no

part of the res gestæ of the crime charged against the accused; and therefore the evidence rejected was not admissible under the rule which permits, in behalf of the State, proof of "flight" following immediately upon the commission of a crime. It was the right of the accused to put his general character in issue, but he could not do this by showing good conduct upon a particular occasion. Not availing himself of the opportunity presented to escape from lawful custody was in the nature of a declaration of innocence; and the rule is well settled that in criminal trials declarations of the accused in his own favor are not admissible.

3. Certain charges of the court were complained of in the motion for a new trial. They are not, however, sufficiently important to require special notice, and it will suffice to say that, in our opinion, they were substantially correct.

*Judgment reversed. All the Justices concurring.*