THOMAS WILLIAMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Inaccuracy in an instruction of the court as to what carrying away of property is necessary to the crime of larceny is harmless error where the evidence establishes without contradiction the asportation of the property charged to have been stolen, and the defense interposed is that it was taken under a claim of right.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Wilson & Wilson* and *Solon B. Turman* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

MAXWELL, J.—The defendant at a special term of court held in DeSoto county in March, 1903, was convicted of the larceny of a bull.

Questions raised by plaintiff in error regarding the regularity of this term of court, the organization of the grand jury and the return and sufficiency of the indictment are disposed of by what is said in the case of *Peeples v. State,* decided at the present term.

In its charge to the jury the court used the following language: "When the law speaks of larceny, gentlemen,

as the felonious stealing, taking and carrying away, it means the taking of property with intent to steal it, but it does not mean that a man must take it up and carry it away to a distance; they may take possession of the property without removing it any distance, with the felonious intent of depriving the true owner of the possession thereof." Upon this charge is predicated the sixth assignment, that "the court erred in charging the jury that the felonious taking of personal property would constitute larceny without the carrying away of the said property."

In charging that the carrying away need not be to any distance, the court doubtless used the term in the colloquial sense of any great or extended distance. Whether it could in any case be misleading or induce the belief on the part of the jury that no removal whatever of the property alleged to have been stolen is necessary to constitute larceny, we need not inquire. The testimony, without contradiction, showed asportation of the property, and the defense interposed was that the property was taken under a claim of right. The alleged inaccuracy in the charge, therefore, was wholly immaterial to the defendant's case.

The evidence was sufficient to support the verdict, and the judgment of the lower court will be affirmed.

CARTER, P. J., and COCKRELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.