BURTON THOMAS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where an assignment of error is not argued, further than by a bare assertion that the ruling complained of is erroneous, it will be treated as abandoned unless error in the ruling is so glaring or patent that no argument is needed to demonstrate it.

2. A general exception to the entire charge of the court will not avail if the charge contains a single correct proposition.

3. An instruction in a trial for murder that there is no evidence before the jury authorizing a conviction for a particular degree of unlawful homicide violates the spirit of the statute requiring the charge to be upon "the law of the case only," but such a charge, though technically erroneous, will not constitute reversible error, if it relates to a degree higher than that of which the accused was convicted, or if it relates to a degree lower, but there was no testimony before the jury from which it could with any reason have formed a verdict of guilty of the excluded lesser degree.

4. If an accused be convicted of murder in the second degree at a trial had upon an indictment charging murder in the first degree he can not in the appellate court be heard to question the propriety of rulings giving or refusing to give instructions confined entirely to murder in the first degree and which had no relevancy to or bearing upon murder in the second degree.

5. The court in the absence of one charged with a felony whose case had been set, but not actually called, for trial on the day that a regular venire for jurors for the week as well as a special venire for jurors for that case is returnable, may have the sheriff make due return upon the venires and ascertain if the veniremen are present by having them called; and may likewise excuse jurors from the regular panel and supply deficiencies therein; such proceedings not being "steps in" or "stages of" the trial within the meaning of the rule requiring defendant's personal presence.

6. In order to secure review by an appellate court of alleged objectionable remarks of counsel to the jury, objections to such remarks must have been made to the trial court, its ruling obtained thereon and an exception taken to the ruling; and it is too late to obtain the ruling necessary to review such matter where the objection is first brought to the attention of the trial court in the motion for a new trial.

| | |
|---|---|
| 47 | 99 |
| 48 | 32 |
| 49 | 16 |
| 49 | 46 |
| 49 | 62 |
| 47 | 99 |
| 51 | 114 |
| 47 | 99 |
| 52 | 173 |
| 47 | 99 |
| 53 | 453 |
| 53 | 468 |
| 55 | 48 |
| f55 | 115 |
| 55 | 323 |
| 47 | 99 |
| 58 | 65 |
| 59 | 68 |
| 60 | 7 |

7. Requested instructions are properly refused where they are in substance embraced in the charges given.

8. Testimony offered by an accused that he refused to flee, made no effort to escape or voluntarily surrendered to an officer where such acts constitute no part of the *res gestae* of the offense, and where the State has introduced no testimony that he fled or attempted to escape or resisted arrest, is not admissible.

9. An instruction requested to the effect that if the accused made no attempt to escape or conceal himself, but readily and willingly surrendered to the officers, these were circumstances in his favor which should be considered by the jury in arriving at a verdict, is properly refused.

10. Voluntary intoxication not resulting in a fixed or settled frenzy or insanity either permanent or intermittent does not excuse or mitigate any degree of unlawful homicide below murder in the first degree.

11. It is proper to refuse a charge that "evidence of bad character of the deceased, of bad disposition and overbearing manner, may be considered by the jury in connection with the other evidence if the defendant knew of it, as putting him upon his guard and. impelling him to a commission of the act alleged in defense of his personal life under apprehension aroused by such character" requested by defendant upon a trial for unlawful homicide.

12. There is no error in refusing to .permit the repetition of a question that has previously been put to and fully and particularly answered by the same witness.

13. The trial court may in its discretion permit testimony that should have been given in chief to be introduced in rebuttal, and permit a defendant's witnesses to be recalled by the State for further cross-examination in order to lay the foundation for impeaching them by testimony as to their previous contradictory statements, and such discretion will not be interfered with by an appellate court where no abuse is shown.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*T. B. Oliver* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, J.—At the spring term, 1903, of the Circuit Court for Columbia county, the plaintiff in error was tried upon an indictment found at that term charging him with the crime of murder in the first degree. He was convicted of the crime of murder in the second degree, and from the sentence imposed sued out this writ of error.

The first and second assignments of error are based upon a ruling denying defendant's motion to quash the indictment. The assignments are not argued by plaintiff in error, he saying merely, "These are submitted on the face of the record, and the assignments." They must, therefore, be treated as abandoned, as there is no error in the rulings complained of so glaring or patent that argument is not needed to demonstrate it. *Williams v. State,* 46 Fla. 80, 34 South. Rep. 279, and other cases therein cited; *Hoodless v. Jernigan,* 46 Fla. 213, 35 South. Rep. 656.

The third, fourth and fifth assignments of error question the propriety of the ruling denying defendant's motion for a new trial. This motion contains thirty-six grounds, the first six of which contend that the evidence is not sufficient to support the verdict. The court has carefully considered the evidence, and is of opinion that it supports the verdict.

The seventh ground of the motion is a general objection to the entire charge of the court. Where a general exception to the entire charge is taken, it will not avail if the charge contains a single correct proposition. *Carter v. State,* 20 Fla. 754. Many of the propositions asserted in this charge are correct, and their correctness is not questioned by plaintiff in error.

The eighth and tenth grounds of the motion claim error in certain instructions given by the court, which asserted that there was no evidence before the jury author-

izing a conviction for murder in the third degree. In *Wood v. State*, 31 Fla. 221, 12 South. Rep. 539, it was held that charges of this nature were violative of the spirit of our statute requiring the charge to be upon "the law of the case only," but that such a charge though erroneous, would not constitute reversible error,—because no injury could accrue to the defendant,—in two classes of cases, *viz*: first where the charge relates to a degree higher than that of which defendant was actually convicted, and second where the charge relates to a degree lower than that of which defendant was convicted, but there was no testimony before the jury from which they could with any reason have formed a verdict of guilty of the excluded lesser offense or degree of crime. There was no testimony whatever in the present case tending to prove that the homicide was perpetrated by the defendant while engaged in the commission of any felony, and consequently nothing from which the jury could with any reason have formed a verdict of guilty of murder in the third degree. While the court committed a technical error in giving these charges, such error was harmless and constitutes no ground for reversal. See also, *Carr v. State*, 45 Fla. 11, 34 South. Rep. 892.

The ninth and thirty-sixth grounds of the motion question the propriety of instructions applicable only and confined entirely to murder in the first degree. The verdict here rendered is for murder in the second degree, the instructions complained of had no relevancy to, nor bearing upon, and could not have contributed to the conviction of murder in that degree, and consequently it is now immaterial to defendant whether they were or were not correct. *McCoy v. State*, 40 Fla. 494, 24 South. Rep. 485; *Richard v. State*, 42 Fla. 528, 29 South. Rep. 413; *Mathis v. State*, 45 Fla. 46, 34 South. Rep. 287.

The eleventh and twelfth grounds of the motion are based upon alleged irregularities in calling and excusing jurors in defendant's absence. It appears that the case was set for trial on Monday, May 4th, 1903, upon which day

the regular venire for jurors for that week, and a special venire ordered for this case, were made returnable; that the regular venire "was returned upon, announced and called, and several members of said venire were actually excused in defendant's absence and without his consent," and that "the calling of the names drawn on the special venire drawn in and for this case began after return upon said venire and announcement thereof, in the absence of defendant from the court room, and some of the names on said special venire were actually called in the defendant's absence and the calling of the same was progressing when the defendant was brought into the court room." There is nothing in these proceedings of which defendant has a right to complain, nor was his personal presence required under the circumstances. It is not claimed that any member of the regular panel was improperly excused. The defendant's case had not been called for trial at the time these proceedings were had, and it was eminently proper for the court, without requiring defendant's presence, not only to ascertain that the sheriff had made due return upon the regular and special venires but to have the persons so summoned called in order to ascertain if they were in attendance. So far as the regular panel was concerned the court, before the defendant's case was called for trial, had the same power over it as to excusing jurors, supplying deficiences, etc., as it would have had if defendant's case had not been set for that particular day, as that venire was in no sense a special one for defendant's case, but the regular venire to serve for the week. It would greatly impede and delay the orderly work of the court, if the regular venires could not be called, members thereof excused and deficiencies supplied until the court could compel the personal presence of every defendant liable to trial that week for a felony. There is no contention that any member of the special venire was excused, nor that anything respecting that venire took place in defendant's absence, except that the sheriff made his return and that the court had the

names called to ascertain if the veniremen were actually present. The objections taken to these proceedings are without merit. The matters complained of were not "steps in" or "stages of" the trial within the meaning of the rule requiring defendant's personal presence.

The thirteenth ground of the motion is based upon an alleged remark of the State Attorney in his argument to the jury. The bill of exceptions does not show that the remark was made, otherwise than by an affidavit made by defendant's counsel filed with the motion for a new trial. This alleged remark being a matter *in pais* occurring during the trial should have been set out in the bill of exceptions as having been made, and it is very doubtful if an appellate court can consider it when evidenced to it only by an affidavit filed with the motion for a new trial, but however this may be, it is clear that we can not consider the propriety of the alleged remark in this case, as it does not appear to have been objected to and a ruling of the court obtained thereon. It is true the affidavit alleges that defendant's counsel heard the remark "and then and there excepted to same," but an exception alone is insufficient. The matter must be brought to the attention of the court, a ruling obtained thereon and an exception taken to the ruling in order to require an appellate court to consider it. *Willingham v. State,* 21 Fla. 761; *Michael v. State,* 40 Fla. 265, 23 South. Rep. 944. In this case it does not appear that the matter was in any way brought to the attention of the court until the motion for a new trial was made, and it was then too late to obtain the ruling necessary to enable this court to consider it.

The fourteenth and fifteenth grounds of the motion and the twenty-first assignment of error are not argued, counsel saying that they are covered by the discussion of the exceptions to the proceedings elsewhere in the brief.

The sixteenth, seventeenth, twenty-first, twenty second, twenty-third, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth and thirty-second grounds of the motion complain

that the court erred in refusing to give certain instructions requested by defendant. In so far as they assert correct propositions of law, they are embraced in the general charge of the court and were, therefore, properly refused.

The eighteenth ground of the motion complains that the court erred in refusing an instruction to the effect that if defendant made no attempt to escape, or conceal himself, but readily and willingly surrendered to the officers these were circumstances in his favor which should be considered by the jury in arriving at a verdict.

Testimony offered by an accused that he refused to flee, made no attempt to escape, or that he voluntarily surrendered to an officer, where such acts constitute no part of the *res gestae* of the offense, and where the State has introduced no testimony that he fled or attempted to escape or resisted arrest, is not admissible. *People v. Montgomery,* 53 Cal. 576; *Oliver v. State,* 17 Ala. 587; *Commonwealth v. Hersey,* 2 Allen (Mass.) 173; *People v. Rathbun,* 21 Wend. (N. Y.) 509; *Walker v. State,* 13 Tex. App. 618; *State v. Smith,* 114 Mo. 406, 21 S. W. Rep. 827; *Kennedy v. State,* 101 Ga. 559, 28 S. E. Rep. 979; *People v. Cleveland,* 107 Mich. 367, 65 N. W. Rep. 216; *Pate v. State,* 94 Ala. 14, 10 South. Rep. 665; Underhill on Crim. Ev. sec. 120. In this case, however, some testimony was introduced by defendant without objection, tending to show that he made no effort to flee and that he did not resist the officers sent to arrest him, and upon that testimony the charge above referred to was requested. The fact that the accused made no attempt to escape or conceal himself, and that he readily and willingly surrendered to the officers does not in law constitute a circumstance in his favor, which the jury should consider in arriving at a verdict. If such were the rule of law the testimony could not be excluded. The jury in the present case might have concluded that the conduct of the defendant in this respect was not actuated by a consciousness of innocence, but that it proceeded from the purpose of a consciously guilty man to make it appear

that he was innocent.   The testimony should have been excluded, but its presence did not require the court to charge that the conduct of the defendant was in law a circumstance in his favor which the jury should consider in arriving at a verdict.

The nineteenth, twentieth and twenty-fourth grounds of the motion complain that the court erred in refusing certain requested instructions.   These instructions all relate to murder in the first degree, and have no relevancy to any other degree.   As the defendant was convicted of murder in the second degree it is now immaterial to consider whether these instructions were properly refused or not.

The twenty-fifth ground of the motion is based upon the refusal of the court to give an instruction to the effect that if at the time of the homicide, and without the purpose of nerving himself therefor the defendant from intoxication or other cause was utterly unable and incapable of forming, having or entertaining any specific or fixed intent, or of premeditating his acts or contemplating their effects, the jury should return a verdict of not guilty.   This instruction was correctly refused, because it gave to intoxication an effect greater than the law warrants, viz: an absolute acquittal of every degree of unlawful homicide.   Intoxication does not excuse or mitigate any degree of unlawful homicide except murder in the first degree, unless as a result of such intoxication there be a fixed or settled frenzy or insanity either permanent or intermittent, of which there was no evidence in the present case.   Garner v. State, 28 Fla. 113, 9 South. Rep. 835; Davis v. State, 44 Fla. 32, 32 South. Rep. 822.   This discussion also disposes of the thirty-fifth ground of the motion which asserts error in the following instruction given by the court, viz: "Voluntary intoxication will not excuse the commission of any grade of unlawful homicide below murder in the first degree, and you will consider the evidence with reference to determining the defendant's guilt or innocence as to all grades of un-

lawful homicide below murder in the first degree, without reference to whether he was, or was not intoxicated, or as to the degree of intoxication if any." This charge is correct under the decision in *Garner v. State, supra.*

The twenty-sixth ground of the motion relates to the refusal of an instruction which plaintiff in error admits in his brief was correctly refused, because embraced in the general charge of the court.

The thirty-first ground of the motion relates to the refusal of an instruction requested as follows: "Evidence of bad character of the deceased, of bad disposition and overbearing manner may be considered by the jury in connection with the other evidence if the defendant knew of it, as putting him upon his guard and impelling him to a commission of the act alleged in defense of his personal life under apprehension aroused by such character." This instruction was properly refused because it is so framed as to impress the jury with the view that defendant might have been justified if the bad character of the deceased aroused in his mind an apprehension of danger to his life or person. Bad character of the deceased can only be considered in connection with and as illustrating or explaining some overt act on his part, and is never sufficient standing alone to justify the accused in striking the fatal blow. *Hart v. State,* 38 Fla. 39, 20 South. Rep. 805 ; *Bond v. State,* 21 Fla. 738.

The thirty-third and thirty-fourth grounds of the motion are based upon instructions given by the court. These instructions assert well settled propositions of law applicable to the case, and there was no error in giving them.

The sixth assignment of error is based upon the exclusion of a question put by defendant upon cross-examination to the State's witness Barnes. This question was but a repetition of a previous question put by defendant to the same witness, which had been fully and particularly answered. If we concede that the question was properly

framed its exclusion under these circumstances was proper. *Mathis v. State, supra.*

Assignments of error from number seven to number twenty inclusive relate to rulings upon the admission and exclusion of testimony. These assignments are not argued. The brief merely asserts that some are erroneous, without stating any reason, and that others are erroneous because they admitted testimony out of its regular order, by permitting evidence that should have been given in chief to be introduced in rebuttal, and by permitting defendant's witnesses to be recalled for further cross-examination in order to lay the foundation for impeaching them by testimony as to their previous contradictory statements. The court has examined the rulings complained of, and finds no glaring or patent error in any of them. It was within the discretion of the court to admit testimony of the nature stated out of its regular order, and it does not appear from this record that there was any abuse of that discretion. *Davis v. State, supra; Brown v. State,* 40 Fla. 459, 25 South. Rep. 63.

This disposes of all the assignments of error, and finding no reversible error the judgment will be affirmed.

HOCKER, SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.