Appellant was convicted in the Criminal District Court of Harris County of the offense of forgery and his punishment assessed at confinement in the penitentiary for a term of five years.
That appellant forged a check on the Southwest National Bank of Commerce of Kansas City is proved without dispute. In fact, his counsel admitted that he signed the name "R. C. Manning" to said check and that he was without authority in so doing. The defendant testified in his own behalf, and his was the only defensive evidence offered. We quote the following from his testimony: "I can't remember when I came to Texas. I don't remember when I was in Harris County first, sir. I do not remember when I left Texas. I can't say where I went from Texas only by what I have got through some memos and records that have been shown to me and told to me. I was arrested in this case the first of October. I was in California then. I could not say as to whether I was arrested on the first of October of this year, but it was on or about the 29th of September or second of October. As to how long I had been in California, I know of two years I had been there and others have been told to me through records. When my memory came back to me I was in the Napa State Hospital for the Insane, in California. I got out of the Insane Hospital in California the latter part of 1922, I think; I don't just remember. As to where I was when I lost myself, or lost my mind, the last time that I remember was in July of 1919, with my mother in St. Louis. From July 1919, up to the time I was discharged from the Insane Asylum in California I do not remember anything that happened to me or anything that was done. When I was released from the Insane Asylum in California they took me to Folsom prison, a penitentiary in California. I didn't know at the date that I was convicted that I had ever been in the State of California. I learned that I had been convicted in the State of California for forgery against the American Express Company, the same Express Company as is involved, in this case. I was sentenced there for ten years and I served four and a half years. The prison sentence and the time I was confined in the Insane Asylum all ran together. . . . The first time that I learned that I was charged with forging a check in Harris County was after I came from the Insane Hospital. I have no recollection at all of being in Webster or of signing this check."
On this state of the record, defendant, after excepting properly to the court's failure to charge on insanity, offered a special charge pertinently presenting this matter, which special charge was refused. *Page 18 
The court, as shown by his statement in signing bills of exceptions to his failure to charge on insanity, expressed the view that he evidence did not raise this issue.
As said by this Court in Hierholzer v. State, 83 S.W. 836:
"If the evidence raised this issue, unquestionably a charge should have been given presenting this question. The law is that the court is bound to embrace, every phase of the case presented by the evidence, and the rule is, if there is any evidence tending to establish a defense, defendant is entitled to a charge directly upon the point, no matter what may be the view of the court on the weight or the value of the testimony. The duty is not dependent upon the court's judgment of the strength or weakness of the testimony supporting the theory; it being the prerogative of the jury to pass upon the probative force of the testimony."
Many cases upholding this rule will be found collated under Article 735, Vernon's C. C. P.
That appellant's testimony clearly raised the issue of his insanity on November 18, 1919, the time when the check was written, is in our opinion beyond dispute. A review of it as above detailed will easily demonstrate that he described himself as being in a condition that is utterly inconsistent with the idea of sanity. He describes himself as being unable to recall when he left Texas and when he went to California and deposes to the fact that when his memory came back to him he was in an insane asylum in that State. He deposes that he got out of that institution in the latter part of 1922. He then makes a direct, positive statement as follows: "As to where I was when I lost myself, or lost my mind, the last time that I remember was in July 1919, with my mother in St. Louis, . . . . From July, 1919, up to the time I was discharged from the Insane Asylun in California I do not remember anything that happened to me or anything that was done." This testimony would have no more pertinently shown insanity if appellant, instead of making the statement above quoted, had positively stated that he was insane from July, 1919, to the latter part of 1922. Appellant may not have been insane at the time of the alleged offense; but under the testimony this was a matter for the jury to determine under proper instructions from the court. To substitute the court's opinion on questions of fact for that of the jury is not permissible under our system of procedure.
Because the court erred in refusing to charge on the issue on insanity, it is our opinion that the judgment should be reversed and the cause remanded.
Reversed and remanded.
The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court. *Page 19