96 So.2d 424 (1957)
Horace GRIFFIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 57-18.
District Court of Appeal of Florida. Third District.
July 22, 1957.
Rehearing Denied August 12, 1957.
Courshon & Fink, Miami Beach, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Sp. Asst. Atty. Gen., for appellee.
PEARSON, Judge.
The appellant, Griffin, was indicted for murder in the first degree, and was convicted of murder in the second degree. The pleas interposed were (1) not guilty, and (2) not guilty by reason of temporary insanity. At the conclusion of all the evidence the trial court refused to instruct upon the issue raised by the plea "not guilty by reason of temporary insanity", although there was some evidence in support of this plea. The refusal to instruct on the issue of temporary insanity was assigned as error in the appeal to this Court. The judgment is reversed, and a new trial awarded.
Upon filing of the plea of "not guilty by reason of temporary insanity", the trial court appointed two psychiatrists pursuant to Sec. 917.02, Florida Statutes 1955, F.S.A., to examine the defendant. The examination was made and the court appointed physicians testified at the trial as rebuttal witnesses for the State. The testimony of one of the psychiatrists as to the mental condition of the defendant at the time of the commission of the alleged crime was as follows: "I do not think that he was temporarily insane but his consciousness was somewhat clouded."
There was evidence in the record that the defendant was a long-continued and habitual drinker; that his appearance and conduct prior to the homicide was unusual; that he began drinking the day before and he continued to drink the day of the homicide consuming an indefinite amount of bootlegged whiskey and beer.
*425 The court refused to give the following charge requested by the defendant, and error is assigned thereon:
"While the mental effect of a mere intoxication may not excuse the commission of an unlawful act or relieve from its consequences, yet if excessive and long-continued use of intoxicants produce a mental condition of insanity permanent or intermittent, and that such insane condition exists when an unlawful act is committed, such insane mental condition may be of a nature that would relieve the person so affected from the consequences of the act that would otherwise be criminal and punishable. Therefore, gentlemen of the jury, should you find from the evidence beyond a reasonable doubt that the defendant stabbed and killed Lola Griffin, if he did kill her, was at the time in such a state of fixed or settled frenzy or mental insanity induced by antecedent and long-continued use of intoxicating drinks or liquors, and not produced by the immediate effect of intoxicating drinks, as not to have been conscious of what he is doing, or that the act was wrong, you will find the defendant not guilty."
The sole point for determination is whether the court erred in refusing to charge upon the issue of temporary insanity.
"Where the insanity of the accused is a material issue in a criminal prosecution, the court should, by charges appropriate to the evidence in the case, submit to the jury, for their determination, the question whether the accused, at the time of the unlawful act alleged against him, had a sufficient degree of reason to know that he was doing an act that was wrong. Davis v. State, 44 Fla. 32, 32 So. 822. The phase of insanity commonly known as the `irresistible impulse' or `moral insanity' doctrine is not recognized in this state as an excuse for an unlawful act. Williams v. State, 45 Fla. 128, 34 So. 279; Copeland v. State, 41 Fla. 320, 26 So. 319.
"`Intoxication does not excuse or mitigate any degree of unlawful homicide, except murder in the first degree, unless, as a result of such intoxication, there be a fixed or settled frenzy or insanity either permanent or intermittent.' Thomas v. State, 47 Fla. 99, 36 So. 161; Garner v. State, 28 Fla. 113, 9 So. 835, 29 Am.St.Rep. 232." Cochran v. State, 65 Fla. 91, 61 So. 187, 190; Crews v. State, 143 Fla. 263, 196 So. 590.
There remains only a consideration of the evidence to determine if the insanity of the accused was a material issue. If there is any substantial evidence tending to show the insanity of the defendant at the time of the homicidal act, for which he is being tried, the issue should be submitted to the jury, and this is true even though the evidence of insanity is weak and there is apparently stronger evidence to the contrary See State v. Newman, 57 Kan. 705, 47 P. 881; Stoner v. State, 100 Tex.Cr.R. 16, 271 S.W. 616; 23 C.J.S. Criminal Law § 1200 (1940); Smoot, Insanity § 504 (1929); 4 Warren, Homicide § 321 (Per.Ed. 1938).
The judgment of the trial court that there was insufficient evidence of insanity to require a charge on that issue was certainly substantiated by the opinion evidence of the court appointed psychiatrists. However this opinion evidence was presented by the state in order to rebut the evidence of the defendant, which tended in some degree to raise the issue of insanity. We find from a close examination of the record that the defendant presented sufficient evidence to raise the issue of insanity.
The refusal by the trial court to give the defendant's requested charge No. 7 was error.
The judgment is reversed, and a new trial awarded.
CARROLL, C.J., and HORTON, J., concur.