#### 63741. MITCHELL v. THE STATE.
#### 63742. BLACK v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were convicted of the armed robbery of a midtown Atlanta jewelry store. They now appeal their convictions.

1. In their first enumeration of error, appellants raise the general grounds. After reviewing the trial transcript and exhibits, we conclude that the evidence was sufficient to support appellants' convictions.

A witness identified appellant Mitchell as one of two men who occupied a car near the scene of the armed robbery. She testified that both men left the car and that, approximately 15 minutes later, the unidentified passenger, chased by a security guard, came running back to the car carrying a briefcase. The victim of the armed robbery positively identified appellant Black as the man who entered the jewelry store, shot him four times, hit him over the head, and took approximately 16 new watches and five watches undergoing repair. Mitchell's girl friend testified that Black told her he had robbed a jewelry store and shot a man. She also stated that Mitchell had asked her to retrieve his car from where he had parked it near the jewelry store. The girl friend identified the briefcase in which the watches were discovered and the gun from which the shots had been fired as items she had seen at Mitchell's apartment. From the evidence summarized above, we conclude that a rational trier of fact could

have found appellants guilty beyond a reasonable doubt of armed robbery. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant Black contends that the trial court erred when it admitted Black's incriminating statement into evidence after finding it to have been made voluntarily. "Unless factual credibility findings of a trial court in determining the voluntariness of a defendant's statement or confession are shown to be clearly erroneous, those findings must be accepted by this court. [Cits.]" *Tucker v. State,* 245 Ga. 68 (3) (263 SE2d 109). Since it has not been shown that the trial court's finding was clearly erroneous, appellant's enumeration is without merit.

3. Both appellants maintain that the admission of full face and profile photographs of each of them had no probative value and, since the photographs were recognizable as "mug shots" (although identification numbers had been cropped off), their admission was prejudicial to appellants. This enumeration is without merit since "[t]he admission in evidence of a 'mug shot' of the defendant does not inject his character into evidence [cit.] . . ." *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73).

4. In the last enumeration of error, appellant Mitchell asserts that his character was placed in evidence and contends that the denial of his motion for mistrial on that ground was error. Evidence that appellant's live-in girl friend was arrested in Mitchell's apartment on a charge of possession of heroin did not place appellant Mitchell's character in evidence, and the motion for mistrial was properly denied.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 9, 1982 —
REHEARING DENIED JUNE 24, 1982 IN CASE NO. 63742 —

*Carl Greenberg,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Assistant District Attorneys,* for appellee.