## 66340. HALL v. THE STATE.

DEEN, Presiding Judge.

Appellant was convicted of escape from the Macon, Georgia, Transitional Center, a work-release facility of the Department of Offender Rehabilitation (DOR), and of stealing from a Macon automobile dealer a truck in which he made good his escape. Since he had twice previously been convicted of motor vehicle theft, appellant was sentenced as a habitual offender to ten years on the theft count and five years on the escape count, the sentences to run consecutively. He appeals from this judgment, enumerating, in addition to the general grounds, the court's admitting into evidence certain statements made to a DOR employee who transported appellant back to Georgia from Arkansas, where he had been apprehended in possession of the truck; the alleged denial of the right to cross-examine this employee; the court's overruling of an objection to an allegedly prejudicial statement made during the prosecution's closing argument; and the court's instructing the jury that appellant's allegedly not availing himself of a potential escape opportunity was not probative evidence as to guilt or innocence. *Held:*

Appellant, who served as his own co-counsel, was confined in a work-release center which afforded its inmates an opportunity either to hold or to seek jobs in the Macon area. When appellant failed on January 29, 1982, to return from a job interview for which he had received permission to leave the facility, steps were taken to

determine that he had not been in an accident or otherwise providentially hindered from returning at the prescribed time. He was then listed as an escapee, and a warrant was issued for his apprehension. The next morning, officials at the center received a telephone call from a used-car salesman at a local automobile dealer's, reporting that on the previous day appellant had represented himself as a son of the owner of a reputable local construction firm, whose surname was also Hall, and had arranged to take a truck to be "checked out" by the firm's head mechanic with a view to purchasing it for the firm. When the truck was not returned by late afternoon, the salesman investigated and learned that no one by appellant's name was associated with either the firm or the family. Upon notifying the police of the apparent theft, the salesman further learned that an inmate named Hall was listed as an escapee from the transitional center.

After being picked up in Arkansas and returned to Georgia, appellant maintained that the center's superintendent had given him written permission to go to Arkansas for a family funeral. He claimed that Arkansas officials had confiscated all his effects, including the permission slip; he offered no evidence of such confiscation, however, or, for that matter, of a death in the family. He denied that he had gone to the automobile dealer's on the day of the escape but offered no explanation of the truck's being found in his possession. The transitional center's superintendent testified that appellant had been given permission to leave the facility only for the limited purpose of applying for a job. The employee who transported him from Arkansas testified that he had known nothing of the theft charge when he was dispatched to bring back the escapee, but that appellant had broached the subject of the theft of the truck and had boasted repeatedly of the "slick" way in which he had gained possession of the vehicle.

We have carefully examined the entire record, including the trial transcript. Our scrutiny indicates that none of the appellant's enumerations has merit. The evidence was sufficient to authorize a reasonable trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

The trial court determined after a Jackson v. Denno hearing that the statements made to the DOR employee were voluntary and were not made in response to any kind of custodial interrogation. *Sims v. State,* 221 Ga. 190 (144 SE2d 103) (1965). The record reveals that the prosecuting attorney's statement made during the closing argument was not of such a nature as to work prejudice to the appellant. See

*Boatright v. State,* 150 Ga. App. 283 (257 SE2d 314) (1979). The court's instruction, "Members of the jury, the fact that somebody did not escape from custody has no probative value on whether they were guilty or innocent of any offense," is a correct statement of the law. *Dunson v. State,* 202 Ga. 515, 523 (43 SE2d 504) (1947); *Kennedy v. State,* 101 Ga. 559, 560 (28 SE 979) (1897).

As for appellant's contention that he was not permitted to cross-examine the DOR employee, Ted Esposito, the record reveals that this witness was cross-examined both during the Jackson-Denno hearing and during the presentation of the prosecution's case in chief. At the end of the latter cross-examination the court agreed to permit the defense to ask Esposito further questions later on in the trial if he so desired. When Esposito and another prosecution witness were later recalled by defense counsel, the court ruled that the defense had made them his witnesses and would therefore be required to examine rather than cross-examine them. See *Phillips v. State,* 238 Ga. 497 (233 SE2d 758) (1977); *Ferry v. State,* 161 Ga. App. 795 (287 SE2d 732) (1982). Thorough scrutiny of the record shows that the scope of the subsequent examination of Esposito was tantamount to that which would have been expected on cross-examination; that, in fact, the questions asked were repetitious of those asked earlier on the formal cross-examination. Moreover, appellant makes no showing as to what additional questions he might have asked, or in what way he was harmed by the court's ruling. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966); *McKenney v. State,* 163 Ga. App. 545, 546 (295 SE2d 217) (1982). The record further reveals that, contrary to appellant's allegation in his brief that at the Jackson-Denno hearing Esposito admitted asking appellant questions during the trip, the witness made no such statement. The court's finding that no custodial interrogation occurred, supra, should not be disturbed absent plain error, and we find that no such error occurred. *Tucker v. State,* 245 Ga. 68 (263 SE2d 109) (1980); *Mitchell v. State,* 162 Ga. App. 521 (292 SE2d 110) (1982); *Sutton v. State,* 162 Ga. App. 193 (290 SE2d 537) (1982).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 13, 1983.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.