32614. HAYNES *v.* THE STATE.

100

Decided October 11, 1949.

*Stevens & Stevens*, for plaintiff in error.

*J. Cecil Davis, Solicitor-General*, contra.

Gardner, J. Mike Haynes was tried and convicted in the Superior Court of McDuffie County on an accusation charging him with having unstamped (non-tax-paid) liquor in his possession. He filed a motion for a new trial on the general grounds, later amended by adding three special grounds. To the order of the judge overruling the motion as amended, he assigns error here.

■ The State introduced evidence from which the jury was authorized to find: that on the night in question a car had driven into the defendant's yard; that the defendant, after talking to the occupants of the car, had called his minor son, Jack, and told him to go out there in the woods and get him a half a gallon; that Jack went into the woods near the house and returned with a "half-gallon" which he placed in the automobile; that this car drove off and within five minutes another car drove in; that the witness had heard the defendant's voice over 200 times and positively recognized it; that the defendant again called Jack and told him to go back and get him another half gallon; that the witness, a sheriff, then grabbed the boy and arrested him; that the boy had a half gallon of illegal whisky in his hands; that he then arrested the father; that he then searched the back yard and found some empty jars which had recently had whisky in them, and found holes in the ground, covered with pine straw, the size and depth of the jars; and that the son Jack spent most of his time elsewhere with his mother and less than half the time on his father's premises.

From this evidence the jury was authorized to find the defendant guilty, and the general grounds of the motion for a new trial are without merit.

■ Special ground one of the amended motion for a new trial complains of the refusal of the trial court to declare a mistrial upon the witness's statement that "About a year and a half ago.
. . I caught him selling some whisky, right in the act, and we

tried him here and he pled guilty." This statement followed the solicitor's remark to the court, "I was going to ask him what he had done within two years," and the court's reply, "Go ahead." On motion of the defendant's counsel the above statement was immediately ruled out.

The defendant's counsel contend that a mistrial should have been granted on motion, due to the fact that the testimony excluded was an attempt to put the defendant's character in issue, and the further fact that the judge did not in terms instruct the jury to disregard the statement of the witness to this effect, under the authority of *Johnson* v. *State*, 36 *Ga. App.* 127 (135 S. E. 492). In that case a mistrial was erroneously refused when the prosecutor asked the witness directly, whether the defendant had previously been convicted of a violation of the same law, and where the court refused to reprimand the attorney for such question.

In the instant case it is evident that the witness's remark was in the nature of a voluntary statement. In *Harrison* v. *State*, 60 *Ga. App.* 610 (4) (4 S. E. 2d, 602), the court held that "the refusal to declare a mistrial on account of a voluntary answer of a witness was not reversible error, in view of the corrective measures immediately applied." In that case the court ruled out the evidence and instructed the witness not to go outside' the record. In the present case the court also immediately ruled out the evidence. Having done so, we do not believe that his failure to charge the jury that such evidence should be disregarded, in the absence of a request, was reversible error, or that the trial judge abused his discretion in refusing to grant a mistrial. See *Armstrong* v. *State*, 181 *Ga.* 538 (183 S. E. 67).

■ In ground 2 of his amended motion the defendant complains that the court admitted, over objection, the statement of the witness that, "I knew Mike was selling liquor."

It appears from the entire record that the witness, a sheriff, had in the ordinary course of his business regularly observed the activities of the defendant, and that the statement was not therefore based upon a mere conclusion. No attempt was made on cross-examination to show that the statement was a conclusion and that the witness was not testifying as to his own knowledge of a fact as gained from observation of that fact. This

being so, the judge did not err in permitting the witness to testify as to his knowledge of such fact. See *Hartley* v. *Hartley*, 50 *Ga. App.* 848 (2) (179 S. E. 245); Code (Ann.) § 38-1708, catchwords "Conclusion of Witnesses" and "Knowledge."

■ Special ground 3 complains of the admission over objection, of the following testimony by the sheriff: "On one night before this happened I stopped at Mr. Haynes' house and I saw a car leaving his yard, and I had backed out the road as far as I could in the forks of the road, backed up to let the car pass coming out of the yard, and I stopped that car of 'negroes and took two gallons of whisky from them; and I saw them come out of his yard." The witness then continued: "I didn't go to Mr. Haynes' house and catch him that particular night, but I went later on, after seeing this going on." Considering the statement as a whole, we do not believe that the jury could have been misled thereby, as the witness definitely stated that he "did not catch him that night"; and the evidence, though irrelevant as to the point at issue, did shed some light upon the subsequent activities of the sheriff in returning to the house on the night of the arrest and concealing himself nearby. "Evidence not of such probative value that its admission could be harmful to the plaintiff in error is not cause for a new trial." *McGuire* v. *State*, 29 *Ga. App.* 192 (114 S. E. 719). This ground is also without merit.

The trial judge did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*