## 29673. CAMPBELL v. THE STATE.

JORDAN, Justice.

Charles Campbell was convicted by a jury in the Clayton Superior Court for the crime of armed robbery, and sentenced to life imprisonment.

The only error alleged on appeal is that the trial court erred in allowing testimony of a crime committed by appellant in 1967 to be admitted into evidence on the ground that it was relevant to prove motive, plan, scheme, intent or identity.

The state presented evidence to establish the following: During the early morning hours of February 9, 1974, the appellant and the alleged victim, Wade Armstrong, were at the Golden Nugget Bar and Lounge on Stewart Avenue in Atlanta, Georgia. Armstrong left the bar and walked to his car in the parking lot. He started his car, checked in the rear view mirror, but in backing out Armstrong hit the appellant's car. The appellant was leaving the establishment at the same time and after the accident the two men got out of their cars and discussed the collision. A settlement of forty dollars was worked out, the cash was paid and both men got back in their respective vehicles, whereupon the victim backed into appellant's car for a second time. After surveying the damage resulting from the second collision the two decided to let appellant's brother-in-law, who worked in a body repair shop, look at the damage and make an estimate as to how much it would cost to have appellant's car fixed. After going to a nearby restaurant, having coffee, and calling appellant's brother-in-law, the two proceeded to his house for an estimate. Armstrong testified that after getting the estimate, amounting to about $80, he told appellant that he did not have enough money on him to cover the damages and that he thought that if appellant would return his forty dollars he would just file a claim with his insurance company. Armstrong testified that appellant then went inside his brother-in-law's house, got a gun, and demanded the cash. Armstrong further testified that he told appellant that he had the cash at his house and that if he would come there he would pay him. The two then allegedly drove to

Armstrong's apartment and Armstrong gave appellant the additional money. Armstrong's roommate testified that Armstrong had awakened him upon his return to their apartment and told him that there was a man with a gun outside who was trying to get money from him and that he saw Armstrong give some money to someone who was waiting in a car outside the apartment.

Appellant's defense rested mainly on the theory of alibi. The appellant, his brother-in-law, and his sister testified to substantially the same story as related by Armstrong up until the time the appellant allegedly pulled a gun on the victim. They testified that after getting the estimate Armstrong paid an additional forty dollars and left by himself. They further testified that after Armstrong left, the appellant came inside his brother-in-law's house, had a cup of coffee and talked until appellant went next door to his mother's house where he was living with his wife and children.

The state introduced into evidence, over the objection of the defendant, the testimony of two victims of armed robberies committed by appellant in 1967 and 1974 and evidence relating to the convictions stemming from those robberies.

The appellant claims on appeal that the trial court erred in allowing the 1967 conviction into evidence. The appellant does not enumerate as error the admission of evidence as to his other armed robbery conviction.

The trial court made its decision to allow the 1967 conviction into evidence on the theory that it was admissible to show plan, scheme, motive and intent. The trial judge properly charged the jury as to how they could consider the complained-of evidence, and they returned with a verdict of guilty.

The general law in this area is, of course, that when a defendant is on trial for the commission of a crime, evidence of a distinct, separate, and independent offense is never admissible, unless there is a logical connection between the two in that proof of the extraneous crime shows malice, intent, motive, or identity. *Cox v. State,* 165 Ga. 145 (139 SE 861); *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). Regardless of the similarity of the two crimes, evidence of the separate offense should never be admitted

unless "the prejudice it creates is outweighed by its relevancy to the issues on trial." *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30).

The complained of evidence in the case sub judice concerns an armed robbery committed by appellant in November of 1967. The similarity between the 1967 crime and the one that is the subject of this appeal is that (1) Both victims originally encountered the appellant at the same night club; (2) the encounter was late at night or early in the morning; (3) there was no immediate hostility between appellant and the victims; (4) the two left the club at the same time headed for a common destination; and (5) the appellant allegedly robbed both victims at gun point.

A difference in the two incidents is that in the crime that is the subject of this appeal the appellant did not initiate contact with the victim. The main bar to admission would seem to be the lapse of time, seven years, between the two incidents. Although lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question it is not wholly determinative. For other cases where an extensive period of time had elapsed between the offenses see *McNeal v. State,* 228 Ga. 633 (187 SE2d 271); *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785); and *Taylor v. State,* 174 Ga. 52 (7) (162 SE 504).

The similarity between the extraneous crime and the one the defendant was on trial for is extensive, and this in conjunction with the other prior armed robbery conviction involving a similar factual transaction is sufficient to bring the ruling of the trial court within the exception to the general rule.

The trial judge did not err in admitting evidence concerning the 1967 armed robbery.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED FEBRUARY 24, 1975 — DECIDED APRIL 8, 1975.

*James W. Studdard,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.