## 34319. CURTIS v. THE STATE.

HALL, Justice.

Johnny Curtis appeals his conviction and life sentence for the murder of Henry Curtis on Thanksgiving evening, 1977, at a club in Calhoun, Georgia. We affirm.

Witnesses for the state testified to an unprovoked attack by appellant on the victim, with a butcher knife. A scuffle of some sort ensued, during which appellant suffered a minor leg wound. No witness testified that a weapon was seen at any time on the victim. No witness testified to the victim's having provoked appellant in any manner. Appellant himself testified that the victim had attacked and cut him on a previous occasion. There was supporting evidence for this assertion, but the night of that incident might have been as much as two months previous to the murder. Appellant testified that at the time of the killing the victim provoked him with words, then came at him with a knife, then appellant, fearing for

his life, "just took the knife in his hands and just pushed it into him."

1. Enumeration 1 urging the general grounds is completely without merit. *Fleming v. State,* 240 Ga. 142, 145 (240 SE2d 37) (1977).

2. Appellant's theory was self-defense, which was adequately charged to the jury. There is no merit to Enumeration 2, urging that the court erred in failing to charge voluntary manslaughter, Code Ann. § 26-1102, without a request. There was no evidence supporting the theory of voluntary manslaughter. *Bailey v. State,* 240 Ga. 112, 115 (239 SE2d 521) (1977). See also *Jackson v. State,* 239 Ga. 40 (235 SE2d 477) (1977).

3. The court's charge that there were only two verdicts possible (guilty of murder or not guilty) was not erroneous, nor did the instruction that "You will not be concerned with the punishment" erroneously imply that the court thought defendant guilty.

4. Enumeration 4 attacking the introduction into evidence of certain photographs of deceased is without merit. The only objection made at trial was that photographs 1 and 2 were repetitive of 3, and the court did not abuse its discretion in overruling such an objection.

5. The trial court did not err in admitting into evidence a knife offered by the state. *Duvall v. State,* 238 Ga. 325, 326 (232 SE2d 918) (1977); *Jung v. State,* 237 Ga. 73, 74-75 (226 SE2d 599) (1975); *Evans v. State,* 228 Ga. 867, 870 (188 SE2d 861) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 8, 1978 — DECIDED JANUARY 30, 1979.

*R. F. Chance,* for appellant.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.