## 58555. GREEN v. THE STATE.

CARLEY, Judge.

Appellant was indicted for murder in connection with the shooting death of her husband. A jury found appellant guilty of voluntary manslaughter. Appellant appeals from the trial court's denial of her motion for new trial as amended.

1. On the day he was killed, appellant's husband was visiting in the home of a woman by whom he had fathered a child. Appellant drove up in front of the house and blew the horn. The state's evidence showed that appellant pointed a gun at one of the residents of the house and demanded that her husband come out. Her husband approached the car and a heated altercation developed. During this argument, appellant testified, her husband threatened her life. He also demanded that she leave but her car would not start. Because her husband was blocking her exit, appellant left the car on the side opposite that where he was standing and she began to walk down the street. At this time appellant apparently made the comment that her husband was not the father of their son and her husband began to pursue her down the street. The evidence is conflicting as to whether her husband did grab appellant or attempted to grab her but failed. Appellant, who testified her husband was trained

in karate and that she was in fear of her life or great bodily harm, shot and killed him.

Appellant argues that on this evidence she was either guilty of murder or not guilty of any crime because of self defense and that the elements of voluntary manslaughter, the crime of which she was convicted, are not present. This argument is clearly meritless. *White v. State,* 129 Ga. App. 353 (199 SE2d 624) (1973); *Fulford v. State,* 144 Ga. App. 546 (241 SE2d 646) (1978). "To the contrary, the evidence showed that the defendant had been seriously provoked by the deceased and that the killing occurred as a result of a heated family disturbance. The instruction was warranted and the jury was authorized to conclude, as it did, that defendant acted in the heat of passion arising from decedent's serious provocation. [Cit.]" *Rogers v. State,* 137 Ga. App. 319, 322 (223 SE2d 456) (1976). Compare *Odom v. State,* 106 Ga. App. 60 (126 SE2d 472) (1962); *Beckman v. State,* 134 Ga. App. 118 (213 SE2d 527) (1975); *Parham v. State,* 135 Ga. App. 315, 318 (3) (217 SE2d 493) (1975). There was no error.

2. After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 16, 1979 —

*Kran Riddle,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.