## 61722. BRADY v. THE STATE.

Carley, Judge.

Appellant appeals from her conviction of voluntary manslaughter.

1. The general grounds are raised in related enumerations of error. On the night of the fatal shooting, appellant and the deceased, her husband, were in their bedroom "fussing." "[T]hey fussed all the time." The deceased, who was intoxicated, left the bedroom and joined their children in the living room and "started watching TV." Appellant "come in there, sit down on the couch and started fussing again." The evidence was in dispute as to who, appellant or the deceased, first secured possession of the shotgun. Appellant testified that the deceased, threatening suicide, first gained control of the gun. Other evidence indicated that it was appellant who left the living room and returned with the gun in her possession. Exactly why the children left the living room for the kitchen, whether from fear of what was transpiring between their parents or because they were directed to leave, is not clear. It is undisputed, however, that while the deceased and appellant were alone and one or the other had possession of the gun a struggle ensued between them over the weapon during the course of which the deceased hit appellant. Within about "five minutes" after the children had left the living room, a gun shot was heard and appellant "come running through the kitchen saying, 'Lord, I've done it. I've done it.' And throwed the gun up on the table and left." Later that evening appellant stated that "she never meant to hurt" the deceased. The evidence also indicated that the shotgun had been fired from a distance of "less than five feet."

This evidence supports a finding that appellant shot her husband. *Strickland v. State,* 167 Ga. 452 (145 SE 879) (1928); *Bowen v. State,* 181 Ga. 427, 429 (4) (182 SE 510) (1935). See also *Collins v. State,* 66 Ga. App. 325, 330 (4) (18 SE2d 24) (1941). The evidence also supports a finding that the shooting took place "at night after a

quarrel while the two were alone [in the living room], while [appellant's husband] was intoxicated . . ."·*Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674) (1971). Thus the evidence supports the verdict finding appellant guilty of voluntary manslaughter and it was, therefore, not error to deny appellant's motion for directed verdict or to instruct the jury as to the principles applicable to that crime. *Green v. State,* 152 Ga. App. 387 (262 SE2d 639) (1979). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave the following instruction: "Now, *where one inflicts an injury,* such is to be accounted as the cause or proximate cause of death whenever it shall be made to appear either that the injury itself constituted the sole cause of death or the injury naturally contributed to the happening of a subsequent occurring immediate cause of death, a primary question for you to determine, and it is incumbent on the state to prove, is the causal connection between the alleged injury and the death of the decedent." (Emphasis supplied.) It is not urged that this charge is incorrect as an abstract principle of law. See *Redfield v. State,* 240 Ga. 460 (241 SE2d 217) (1978). Appellant does contend, however, that the instruction is not adjusted to the evidence in this case because none was presented by the state which showed that she had inflicted an injury on the deceased. While it was appellant's testimony that the gunshot was self-inflicted, "[t]he State introduced evidence of statements by [appellant] in which [she] admitted shooting the deceased." *Bowen v. State,* 181 Ga. 427, 429 (4), supra. Thus appellant's assertion that there was no evidence that she inflicted the injury and that the charge was therefore erroneously given is without merit. See *Strickland v. State,* 167 Ga. 452 (1), supra.

Appellant also contends that by introducing the charge with the emphasized language, the trial court, in violation of Code Ann. § 81-1104 and to the prejudice of appellant's defense, erroneously expressed an opinion that the evidence showed that someone other than the deceased had inflicted an injury. We find this argument meritless. See *Croker v. State,* 57 Ga. App. 895 (3) (197 SE 92) (1938).

3. Appellant's assertion that the trial court failed to instruct the jury with reference to her sole defense is not supported by the record before us. The defense which appellant asserts was not covered in the charge was that she did not kill her husband but that his death "was caused either by an intentional, self-inflicted gunshot wound or by [his] accidentally shooting himself." A review of the transcript

indicates that the jury was fully instructed with regard to the general principles applicable to the state's burden of proving appellant's guilt beyond a reasonable doubt and that "[i]f there is no act done ..., there can be no crime." Also, *in accordance with appellant's request,* the trial court gave the following charge on her defense of "accident or misfortune:" "[Appellant] in this case has contended during the trial that the death of Carson Brady resulted from an accident. The law of Georgia recognizes the defense of accident as being an absolute proper defense in a criminal case. Therefore, if you find from the evidence that Carson Brady died as a result of an accidental firing of a rifle or of a self-inflicted wound, and that there was no criminal scheme, intention or criminal negligence on the part of Nora Brady, then it would be your duty to return a verdict of not guilty." Appellant may not complain of the giving of this requested charge on her defense. See *McCravy v. State,* 238 Ga. 432 (233 SE2d 210) (1977). At the conclusion of the court's charge appellant's counsel was given the opportunity to raise any objection to the instructions but made none applicable to the treatment of her defense to the crime charged. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979). Thus, without objection, the jury was in fact correctly charged that appellant could not be found guilty of a homicide unless the state proved she committed a criminal act and that it was appellant's contention that the deceased had intentionally or accidentally killed himself. We find totally meritless appellant's argument that, under these circumstances, the jury was not adequately instructed with regard to her "defense." Cf. *Ivie v. State,* 151 Ga. App. 496, 500 (5) (260 SE2d 543) (1979).

Likewise, we find meritless appellant's contention that the charge on possible verdict forms was erroneous. As discussed supra, appellant herself requested the charge which encompassed her defense of "accident" and the jury's duty to acquit her if they found the death was the result of "accident" so defined. Having requested such a charge, appellant may not now assert that it was error to instruct the jury that they would be authorized to acquit if they found the death "resulted from accident." "A defendant in a criminal case can not invoke a charge of the court and have it substantially given, and after conviction complain that the charge as given was without evidence to support it." *Meyers v. State,* 169 Ga. 468 (3) (151 SE 34) (1929).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981.

*Robert E. Andrews,* for appellant.
*Jeff C. Wayne, District Attorney, Thomas Myron Cole, Assistant District Attorney,* for appellee.