## 65773. THOMAS v. THE STATE.
## 65774. HOUSTON v. THE STATE.

PoPE, Judge.

Ronald James Thomas and Joseph Carl Houston were tried jointly and convicted of robbery by sudden snatching. *Held:*

1. Defendants were convicted of the robbery of a convenience store in Fort Valley, Georgia on the morning of January 27, 1982. In their first enumeration of error they contend that the testimony of a state's witness as to their conduct at a convenience store in nearby Perry, Georgia earlier that same day wrongfully placed their character at issue. The state counters that the evidence was admissible to show motive, scheme, intent and state of mind.

" 'On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other.' *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). 'Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976)." *Johns v. State,* 164 Ga. App. 133, 134-5 (296 SE2d 638) (1982).

The testimony complained of, while affirmatively showing no criminal activity, is strikingly similar to the evidence relating to the crime charged. In each situation three black males were involved. Defendants admitted having been in each store at the times in question, although their explanations of their actions were in conflict with the evidence produced by the state. In each store one man made a small purchase (a pack of chewing gum in Perry, a small bottle of grape juice in Fort Valley). The men entered together and then went

separately to different areas of the store (three men in Perry, two in Fort Valley). One of the men asked for a piece of paper and a pencil from the clerk. Only one clerk was on duty in each store, but in Perry the witness, an experienced convenience store operator from a neighboring store, walked over to the subject convenience store in order to exchange some cigarettes and then returned to her own store. She observed defendants' actions both in the subject store and before they entered the store (after they had parked, they sat for some time in their car, observing the premises). She felt these actions were out of the ordinary, raising suspicions in her mind. As a result, she returned to the subject store, and the three men eventually left without incident. A car matching the description of the one in which defendants were apprehended was the vehicle in which the men arrived at both stores. Defendant Thomas was positively identified as having been one of the men in each location. Each store is located near a small town a short distance from I-75. As noted earlier, the towns are a short distance apart and both incidents occurred during the morning hours of January 27, 1982.

"Similar acts are admissible in evidence, if committed or proposed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the intent of the defendant in respect to the matters charged against him. . . . [Cits.] This is so in transactions of similar nature or like character in which the defendant had engaged previously to the one in question. [Cit.] . . . Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. [Cits.]" *Tapley v. Youmans,* 95 Ga. App. 161, 175 (97 SE2d 365) (1957); cf. *Bacon v. State,* supra. The evidence of similar acts in this case (involving the same individuals) was properly admitted in order to show the intent of the defendants, as well as a common design in their plan or scheme. See *Davis v. State,* 156 Ga. App. 510 (1) (274 SE2d 848) (1980); *Rakestraw v. State,* 155 Ga. App. 563 (1) (271 SE2d 696) (1980); *Andrews v. State,* 143 Ga. App. 791 (2) (240 SE2d 142) (1977); *Smith v. State,* 142 Ga. App. 1 (2) (234 SE2d 816) (1977).

2. Defendants' remaining enumeration of error is also without merit. We have carefully examined the records and transcript and find that there was ample competent evidence to enable any rational trier of fact to find defendants guilty of the crime charged beyond a reasonable doubt.

*Judgments affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 17, 1983.

*Thomas C. Garwood,* for appellants.
*Willis B. Sparks III, District Attorney, Wayne G. Tillis, George F. Peterman III, Assistant District Attorneys,* for appellee.