## 66581. JONES v. THE STATE.

POPE, Judge.

On August 4, 1982 William Steve Jones was found guilty by a jury of driving without a license, leaving the scene of an accident and vehicular homicide. He now brings this appeal.

The evidence at trial showed that on the evening of May 10, 1982 a state trooper found the body of a 17-year-old girl on the side of a residential street. In addition, he found fragments from an automobile which were shown to have come from appellant's automobile. Robert Love, the director of the crime lab for the Macon Police Department, testified that the marks on the victim's leg were similar to the grill pattern of appellant's automobile. Further, Virginia Bodwell testified that on the evening of the accident appellant had run the stop sign in front of her house and had run his automobile up into her yard. Mrs. Bodwell testified: "And I asked him, 'What in the world is going on?' And he said, it was a hit and run. And there was no other cars there at the time. And I said, '[I]f it's a hit and run, let me call the police for you.' And he said, 'No — no, ma'am, please don't.' He said, 'I do not have no driver's license and I've just gotten out of prison.' "

1. The foregoing evidence of record was such that any rational trier of fact could have found appellant guilty of the crimes here appealed beyond a reasonable doubt. Therefore, appellant's first three enumerations of error, challenging the sufficiency of the evidence to support the verdict, are not meritorious.

2. Appellant's fourth enumeration of error contends that the

trial court erred in refusing to grant a mistrial when Officer Michael Parker testified that appellant was being charged with another crime. The testimony was volunteered by the officer on cross-examination by appellant's counsel. "Q. Okay. You say you made a charge against him for driving without a license and DUI? A. Yes, sir. Q. Okay. Those two charges — will they be prosecuted in Bibb County? A. As far as I know, they will be. There is a felony drug charge against him also and they were bound over to the Superior Court." Immediately after this testimony appellant's counsel moved for a mistrial, but it was denied. The trial court did, however, instruct the jury to disregard the statement concerning other charges in Bibb County.

"In the instant case it is evident that the [witness'] remark was in the nature of a voluntary statement. In *Harrison v. State,* 60 Ga. App. 610 (4) (4 SE2d 602) [(1939)], the court held that 'the refusal to declare a mistrial on account of a voluntary answer of a witness was not reversible error, in view of the corrective measures immediately applied.'" *Haynes v. State,* 80 Ga. App. 99, 101 (55 SE2d 646) (1949). " 'Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial if sufficient corrective instructions are given in ruling the testimony out . . . This is true even if the illegal testimony has the effect of placing the defendant's character in issue . . . especially when the testimony is volunteered by the witness and not directly elicited by the solicitor.' *Cross v. State,* 136 Ga. App. 400, 403 (221 SE2d 615) (1975)." *Witt v. State,* 157 Ga. App. 564, 565 (278 SE2d 145) (1981). Accord, *Britten v. State,* 221 Ga. 97 (5) (143 SE2d 176) (1965). In the instant case the comment by the witness as to the drug charge was voluntary and not in response to the question propounded to him. Furthermore, the trial judge instructed the jury to disregard the testimony concerning any other charges which may have been pending against appellant. Under these circumstances, the trial court did not err in denying the motion for mistrial.

3. Appellant assigns error to the fact that the trial court would not allow a defense witness, Michael Sharp, to testify as to a statement the witness had heard at the scene of the crime. The statement had purportedly been made by an unidentified woman who was heard by the witness to have told a police officer that she had seen the victim struck by a maroon van. This conversation took place some time after the victim had been struck. Appellant argues that the statement was a part of the res gestae.

OCGA § 24-3-3 (Code Ann. § 38-305) defines res gestae as "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought. . . ." "The idea of the *res gestae* presupposes a *main fact,*

or principal transaction.... [T]he *res gestae* mean the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character.... [I]t is . . . well settled, that the acts of the party, or the facts or circumstances or declarations which are sought to be admitted in evidence, are not admissible unless they grow out of the principal transaction, illustrate its character, and are contemporary with it." *Carter v. Buchannon,* 3 Ga. 513, 517 (1847); see also *Townsend v. State,* 127 Ga. App. 797 (5) (195 SE2d 474) (1972).

In the instant case the main fact or principal transaction was the victim being struck by the automobile. It appears from the record here that the purported statement of the unidentified woman was made at some undetermined time *after* the victim had been struck. The statement, given after the police had been summoned to the scene, was a mere narrative of what happened rather than a declaration accompanying the incident. Therefore, appellant's contention that the statement should have been admitted as res gestae is without merit. See *Flanigan v. Reville,* 107 Ga. App. 382 (4) (130 SE2d 258) (1963). Accord, *Reece v. State,* 155 Ga. 350 (2) (116 SE 631) (1923); *Warrick v. State,* 125 Ga. 133 (4) (53 SE 1027) (1906); *Sullivan v. State,* 101 Ga. 800 (3) (29 SE 16) (1897). Compare *Hill v. State,* 17 Ga. App. 294 (1) (86 SE 657) (1915).

4. Finally, appellant alleges that it was error for the trial court to allow a witness to testify whose name was not provided to appellant prior to trial. The witness was called solely for rebuttal purposes. "Calling an unlisted witness in rebuttal is not error." *Gibbons v. State,* 248 Ga. 858, 865 (286 SE2d 717) (1982). "This is particularly true where, as here, defense counsel was allowed to interview the rebuttal [witness] before [she] testified." *Hearn v. State,* 145 Ga. App. 469, 470 (243 SE2d 728) (1978).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided September 9, 1983.

*Charles D. Newberry,* for appellant.

*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney,* for appellee.