## 40215. SAYLORS v. THE STATE.

Weltner, Justice.

Saylors was convicted for the stabbing death of Michael Stevenson, and was sentenced to life imprisonment.

The stabbing occurred at a high school class reunion. Saylors testified that he began drinking alcohol on the afternoon of the reunion, then went to a friend's house for more drinks — all before arriving at the reunion that evening. Around midnight, several people saw Saylors and Stevenson talking, but no one saw or heard an argument between them. Sims then saw Stevenson run toward him, saying he had been stabbed, and saw Saylors, who was behind Stevenson, stab Stevenson in the back. After Stevenson had fallen to the ground, Saylors stabbed him again. Sims reached for the knife but

was unable to take it away from Saylors. Saylors ran into a nearby building and told one Barnett that he had to get out of the building because "he had just got through trying to kill somebody." Saylors was arrested while he was still in the building. A knife was later found on the floor of the building and turned over to the police.

Stevenson died of a stab wound in his chest. He had six wounds in his body, including three in his back.

1. The trial court did not err in denying Saylor's motion for directed verdict. A rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes charged. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Saylors contends that the trial court erred in failing to charge the jury on voluntary manslaughter. At the trial, Saylors testified that Stevenson had approached him at the reunion and made an insulting remark. When Saylors tried to walk away, Stevenson shoved him twice and hit him once. Saylors said that he saw a gun beneath Stevenson's coat, wherefor he drew his knife, opened the blade and stabbed Stevenson in the chest. Maintaining that he was afraid of Stevenson's weapon, he continued to "hit" Stevenson, although he stated that Stevenson did not touch a weapon.

In addition, a friend of Saylors, one Cooper, testified that Stevenson had threatened at the reunion to get Sims' gun and "go after" Saylors.

No other witness heard Stevenson's alleged threat against Saylors. No witness overheard an argument between them or saw Stevenson hit Saylors. Sims testified that Stevenson had not asked him for his gun. No gun was found on Stevenson's body.

"In order to warrant a charge on voluntary manslaughter, the evidence must not only show an act of violent passion, but also some serious provocation sufficient to excite such passion in a reasonable person." Swett v. State, 242 Ga. 228, 230 (248 SE2d 629) (1978). We find no provocation sufficient to authorize the requested charge. To the contrary, Saylors' defense was justification, not provocation. Driggers v. State, 244 Ga. 160 (259 SE2d 133) (1979); Curtis v. State, 243 Ga. 50 (252 SE2d 614) (1979). Although Saylors insists that Washington v. State, 249 Ga. 728 (3) (292 SE2d 836) (1982), is controlling, a review of Saylors' testimony at trial reveals this colloquy, on cross-examination:

"You weren't mad, were you?

"No, sir.

"The things you did were simply you say in self-defense?

"Yes, sir."

This plain declaration removes his defense from the equivocal

ground in *Washington,* supra, and the trial court did not err in refusing to charge on voluntary manslaughter.

3. Error is claimed in the failure of the trial court to instruct the jury concerning involuntary manslaughter as an included offense of murder. *Crawford v. State,* 245 Ga. 89, 94 (263 SE2d 131) (1980), declares: "Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that the use of the gun was unnecessary (i.e., the force used was excessive)." But here the fatal weapon was a three-inch pocketknife. Saylors insists that *Crawford* is applicable to guns only. See the cases cited in *Crawford,* supra, beginning at page 92, and specifically, *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180) (1977), involving a kitchen knife.

An examination of the logic employed by now Chief Justice Hill in *Crawford* resolves this issue adversely to Saylors.

"Where a defendant uses a gun in self-defense in an 'unlawful manner,' he or she is guilty of a crime, reckless conduct . . . [OCGA § 16-5-60 (Code Ann. § 26-2910)], and thus the act is not a 'lawful act' within the meaning of . . . [OCGA § 16-5-3 (b) (Code Ann. § 26-1103)]." 245 Ga. at p. 94.

The soundness of this reasoning is undeniable, and leads inevitably to this conclusion: a defendant who seeks to justify homicide under the "self-defense" statute, OCGA § 16-3-21 (Code Ann. § 26-902), is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, (OCGA § 16-5-3 (b) (Code Ann. § 26-1103)) *whatever* the implement of death.

For if he is justified in killing under OCGA § 16-3-21 (Code Ann. § 26-902), he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the "lawful act" predicate of OCGA § 16-5-3 (b) (Code Ann. § 26-1103), for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful.

This enumeration is without merit.

4. Saylors contends that the trial court erred in failing to grant his motion for continuance. Several hours prior to call of the case for trial Saylors' counsel was served by the state with a supplemental list of 33 witnesses. Saylors requested a continuance. The trial court denied the motion, but reserved further ruling until such time as the state called witnesses from the list. The state narrowed its list to nine witnesses and made them available for the defense to interview.

During the trial, defense counsel objected to the testimony of one Gilbert Saylors, a witness on the supplemental list, even though counsel had interviewed the witness the day before. The trial court

overruled the objection, allowing Saylors a second opportunity to interview the witness. The witness was interviewed. No motion for mistrial was made.

"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 17-8-22 (Code Ann. § 81-1419). Because Saylors twice interviewed this witness, we find no error. See generally *Legare v. State,* 243 Ga. 744 (8) (257 SE2d 247) (1979). In addition, we find no evidence that Saylors was denied effective assistance of counsel.

5. The trial court did not err in permitting rebuttal testimony by the state as to the victim's good character. During the trial Saylors testified that Stevenson had insulted him, shoved and struck him, carried a gun, and caused Saylors to fear for his life. There was no error in allowing the state, through rebuttal testimony, to introduce evidence of Stevenson's reputation in the community as a peaceable man. *Dixon v. State,* 243 Ga. 46 (5) (252 SE2d 431) (1979).

6. Saylors contends that the trial court erred in denying his motion for new trial, relying upon his second through his fifth enumerations of error. We find no merit to enumeration 6.

7. Saylors alleges that the trial court erred in admitting evidence of Saylors' prior conduct involving knives. Saylors contends that such evidence impermissibly placed his character in evidence.

On the evening of the reunion, Saylors went first to a friend's house. Without warning or provocation he pulled out his knife and held it within 18 inches of a friend's face. The friend testified that he did not believe Saylors would hurt him; that he pushed the knife away; and Saylors returned the knife to his pocket.

If evidence is relevant and material to an issue in the case, it is not inadmissible solely because it incidentally places a defendant's character in issue. *Davis v. State,* 249 Ga. 309 (1) (290 SE2d 273) (1982). In order for evidence of an independent similar transaction to be admissible, there must be evidence that the defendant was the actor and that there is " 'sufficiently similarity' between the incidents so that proof of the prior transactions or crimes tends to prove an element of the crime for which [the] defendant is on trial." *Davis v. State,* 249 Ga. at 311. The prior incident is sufficiently similar to the case on trial to show identity, motive, plan, scheme, bent of mind and course of conduct. See *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 1983 —
REHEARING DENIED JANUARY 5, 1984.

*Strickland, Kardos, Warnes & McElwee, Stephen H. McElwee,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.