68249. BANKS v. THE STATE.

BENHAM, Judge.

Appellant was convicted of possession of a firearm by a convicted

felon. In his sole enumeration of error, he contends that his character was impermissibly placed in evidence through an answer given by a police officer during cross-examination by defense counsel.

During his cross-examination of the police officer, defense counsel asked, "Why did it take so long to take a warrant out?"; to which the officer answered, "If I'm not mistaken he was already in the county jail he was picked up on a warrant." After defense counsel asked the trial court to instruct the witness to be responsive to the questions propounded, the trial court then asked the witness, "Why did it take so long?"; and the witness said, "Because sir to the best of my recollection because they had warrants out on him for bad check and he was in Stephens County Jail, if I recall right and I took the warrant out the day after that." The trial court deemed the witness' answer to be unresponsive, denied appellant's motion for mistrial and, in a lengthy discourse to the jury, instructed that body to disregard the portion of the officer's testimony quoted above.

"In the instant case the comment by the witness as to the [bad check charge and presence in jail] was voluntary and not in response to the question propounded to him. Furthermore, the trial judge instructed the jury to disregard the testimony concerning any other charges which may have been pending against appellant. Under these circumstances, the trial court did not err in denying the motion for mistrial." *Jones v. State*, 167 Ga. App. 847 (2) (307 SE2d 735) (1983).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1984.

*Willie J. Woodruff, Jr.*, for appellant.
*V. D. Stockton, District Attorney, Christopher W. Duncan, Assistant District Attorney*, for appellee.