69902. THOMAS v. THE STATE.
(330 SE2d 777)

Sognier, Judge.

Thomas appeals his conviction of voluntary manslaughter and robbery.

1. Appellant contends the trial court erred by denying his motion for a mistrial based on an unauthorized excusal of a juror by a deputy clerk of court.

The record discloses that a jury list of 130 persons was drawn to serve on jury duty starting March 19, 1984, the date appellant's trial commenced. On that date 68 persons on the jury list appeared; this was the total number who had received summons to be present. After the first 48 persons arrived the remaining persons were excused for the day, as the clerk of court's office believed they had enough jurors to select a jury.

Appellant argues that it was improper for the deputy clerk to excuse at least one juror, and possibly more, as only Betty House and Linda Long were authorized to excuse jurors by an order of two superior court judges. It is not clear from the transcript who excused the jurors, other than the fact that "we" (apparently the clerk's office) excused them. Further, the record does not reflect the positions occupied by House and Long; that is, whether they worked in the clerk of court's office or elsewhere. However, the jury that tried appellant was struck after reaching the 48th name on the jury list. The juror who appellant claims was excused improperly was not one of the first 48 names on the list of jurors. Thus, no harm could result to appellant from excusing the juror, as his name was not reached before a jury was struck. See Dill v. State, 222 Ga. 793, 794 (1) (152 SE2d 741) (1966); Hall v. State, 166 Ga. App. 869, 871 (305 SE2d 666) (1983).

In the absence of any evidence in the record as to who actually excused the juror in question and whether the person who excused the juror was one of the two persons authorized to do so, it is presumed that the trial court and its officers performed their duties properly. OCGA § 24-4-24; Riggins v. State, 159 Ga. App. 791 (285 SE2d 579) (1981).

2. a. Appellant was charged with murder and contends it was er-

ror to deny his request to charge on involuntary manslaughter committed by doing a lawful act in an unlawful manner.

Appellant testified he hit the victim on the back of the head with a vodka bottle after the victim made a homosexual advance to him. Appellant was afraid the victim would force him to perform an unnatural act, and hit the victim because he was afraid of him.

Appellant argues now that justifiable homicide was not his defense; however, he made two written requests to charge on justifiable homicide and the court, in fact, instructed the jury on this defense. In *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983), the court held that a defendant who seeks to justify homicide under the "self-defense" statute (OCGA § 16-3-21) is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, whatever the implement of death. Thus, there was no error in denying appellant's request to charge on involuntary manslaughter.

b. Appellant also contends the trial court erred by denying his request to charge on theft by taking as a lesser included offense of armed robbery, because theft by taking is a lesser included offense of armed robbery as a matter of law.

In his statement to police and his testimony at trial appellant admitted that after striking the victim and knocking him to the floor, appellant bound and gagged the victim (who was still conscious), then went through his pockets and took all of his money. Such evidence is sufficient to authorize a conviction of armed robbery as it was clearly a taking of property from the person of another by use of an offensive weapon. OCGA § 16-8-41; *Grant v. State*, 161 Ga. App. 403, 404 (3) (288 SE2d 118) (1982). Since the State's evidence clearly warranted a charge on armed robbery as defined in the Code, which was given, and there was no evidence of the lesser offense of theft by taking, there was no error in failing to give appellant's requested charge. *Shepherd v. State*, 234 Ga. 75, 78 (3) (214 SE2d 535) (1975); *Grant*, supra at 404 (4).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 12, 1985.

*B. Andrew Prince*, for appellant.

*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant District Attorney*, for appellee.