*sistant District Attorney*, for appellee.

### 70619. WILSON v. THE STATE.
#### (335 SE2d 888)

BANKE, Chief Judge.

The defendant was indicted for murder and found guilty of voluntary manslaughter based on evidence that she killed her husband by hitting him repeatedly with a cooking pot. The defendant testified that her husband had attacked her with a chair and that, fearing for her life, she had hit him with the pot to defend herself. Her sole enumeration of error on appeal is directed to the court's refusal to give her requested charge on involuntary manslaughter based on the commission of a lawful act in an unlawful manner. See OCGA § 16-5-3 (b). *Held*:

"[A] defendant who seeks to justify homicide under the 'self-defense' statute, OCGA § 16-3-21 . . . , is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act, (OCGA § 16-5-3 (b)) . . . whatever the implement of death. For if he is justified in killing under OCGA § 16-3-21 . . . , he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) . . . , for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." *Saylors v. State*, 251 Ga. 735, 737 (309 SE2d 796) (1983). It follows that the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. McMurray, P. J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

I agree wholeheartedly with the majority opinion, and I write separately merely to shed light on the instrumentality of death issue.

Appellant contends that since the victim's death resulted from his having been bashed with a cooking pot, *Saylors v. State*, 251 Ga. 735 (309 SE2d 796) (1983) does not apply. However, *Saylors* at 737, states explicitly that "*whatever* the implement of death," a defendant would not be entitled to the instruction in question. Therefore, no distinction need be made between a generically hazardous instrument (i.e., one that, regardless of the manner in which it is used, poses a danger to others) and a non-generically hazardous one (i.e., one that only poses such a danger under specific circumstances). See *Wilson v. Good Humor Corp.*, 757 F2d 1293, 1303 (1985).

DECIDED OCTOBER 3, 1985.

*Timothy W. Floyd*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney*, for appellee.