### 71501. MOORE v. THE STATE.
(340 SE2d 222)

BIRDSONG, Presiding Judge.

Failure to Charge on Involuntary Manslaughter. Marvin E. Moore was convicted of voluntary manslaughter in 1984. The trial court gave in its charge to the jury charges of murder, voluntary manslaughter, involuntary manslaughter and self defense-justification. This court on appeal of that conviction reversed the verdict and sentence based upon jury misconduct. *Moore v. State*, 172 Ga. App. 844 (324 SE2d 760). At a retrial on the crime of voluntary manslaughter in 1985, Moore was once again convicted. At the retrial contrary to specific written requests for charges upon involuntary manslaughter based either upon death resulting from the commission of a lawful act in an unlawful manner or death resulting from an unlawful act not amounting to a felony (see OCGA § 16-5-3 (a) and (b)), the trial court ruled that these charges were not warranted where a charge upon self defense-justification had been given, which was true at the retrial of the case. It is this refusal to charge upon either facet of involuntary manslaughter that forms the sole basis of this appeal. *Held*:

Prior to the retrial in this case in March 1985, the leading case upon the issue involved instanter, was *Crawford v. State*, 245 Ga. 89,

92-94 (3) (263 SE2d 131). In that case the homicide was caused by a gun. The Supreme Court held that where a defendant claims to have used a gun in self defense and a charge on self defense is given, the defendant is not entitled to the additional charge on involuntary manslaughter because the use of a gun as a matter of law constituted an aggravated assault should the jury determine that the defendant did not act in a justifiable manner. If the jury rejects the justification, then the use of the gun was not lawful thus obviating the charge on the first paragraph of OCGA § 16-5-3 and because the use of a gun per se is an aggravated assault, the second paragraph likewise does not apply for the unlawful act amounts to a felony. Whether the Supreme Court intended the principle involved to apply to weapons other than a gun remained somewhat in doubt until its decision in *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796). In that case, the Supreme Court explained and extended the application of the reasoning in *Crawford*, supra, by holding that a defendant who seeks to justify a homicide under the self defense statute is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act whatever the implement of death because the jury rejects that which imbues the act with lawfulness, i.e., justification. In that case, the weapon used was a knife.

Moore seeks to avoid the clear language of *Saylors* by arguing in that case Saylors stabbed the victim six times, thrice in the back, though the fatal wound was a stab wound to the chest. Moore argues in such a set of circumstances the intent to kill is manifest. In the instant case, it is undisputed that Moore stabbed the victim once in the chest with a pocketknife with a one and one-half inch blade. Unfortunately, the penetration was directly into the heart.

As to the refusal to charge upon the lawful act basis for involuntary manslaughter, there is no basis for Moore's contention that a small knife places in issue involuntary manslaughter whereas a large knife might not. The Supreme Court based its rationale in *Saylors*, supra, upon the ground that justification was the issue for the jury to decide, not the dimensions or type of weapon. Once the jury ruled out justification (i.e., self defense), the act no longer could be considered lawful and that provision of the involuntary manslaughter statute was no longer pertinent.

The second facet of Moore's contention, that the nature of the weapon or the manner of its use, could affect the applicability of the second form of involuntary manslaughter (i.e., an unlawful act not amounting to a felony), likewise does not present a difficult question. While certainly it is possible that a defendant could introduce evidence that reasonably raises an issue that the defendant did not intend to strike the victim nor cause harm or death, such is not the situation here.

What distinguishes that hypothetical predicate from the facts in the instant case is that there is no dispute that Moore did stick a knife into the chest of the victim in the vicinity of the victim's heart. Under such facts there can be no legal doubt that a knife capable of penetrating the body wall into the heart is a deadly weapon when used to stab to the heart. Indeed the Supreme Court has held as a matter of law that a knife is a deadly weapon and where the "unlawful" act is the use of a knife, the unlawful act is an aggravated assault and the second paragraph of OCGA § 16-5-3 is not in issue. See *Jackson v. State*, 234 Ga. 549, 551 (216 SE2d 834).

Moore, however, pursues his argument by contending that the Supreme Court has used language that any form of assault at the least amounts to reckless conduct and thus is not a lawful act. See *Crawford*, supra, at 94 (3) and *Ward v. State*, 252 Ga. 85, 88 (311 SE2d 449). Inasmuch as reckless conduct is a misdemeanor, Moore argues that reckless conduct amounts to an unlawful act not amounting to a felony. Indeed in this case, the trial court granted a request for charge upon the definition of reckless conduct.

Moore, however, has misconstrued the use of the reckless conduct language in the Supreme Court's opinions. It is manifest that the court in using "reckless conduct" was considering the applicability of a lawful act conducted in an unlawful manner. In its discussion, the court concluded that where the jury rejects a contention that the defendant was acting justifiably in self defense, the act if anything other than a pure accident would amount at least to reckless conduct and thus could not be a lawful act. Such reasoning cannot be carried over to and applied carte blanche to situations such as pointing or discharging a weapon at another or assaulting another with a dangerous weapon. While such is inherently reckless conduct, it is much more, in the eyes of the law amounting to felonious assault.

We find no error in the refusal of the trial court to charge the provisions of involuntary manslaughter where the court had already charged upon principles of self defense in a homicide caused by a stab wound to the chest with a knife.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 13, 1986 —
REHEARING DENIED JANUARY 24, 1986 —

*Winship E. Rees*, for appellant.
*Thomas C. Lawler III, District Attorney, Thomas A. Devlin, Jr., Assistant District Attorney*, for appellee.