72410. THE STATE v. MINTZ.
(346 SE2d 591)

SOGNIER, Judge.

The State appeals an order of the State Court of Fulton County granting appellee's motion for dismissal and acquittal for lack of a speedy trial. Although there is no transcript of the hearing on appellee's motion, the record reflects that on April 9, 1984 two accusations were filed against appellee charging her with an offer and consent to perform sexual intercourse with a named individual (prostitution) and possession of less than one ounce of marijuana. At appellee's arraignment on January 16, 1985 appellee filed a demand for trial and appellee's case was set for trial on March 13, 1985. On that date the case was continued and reset for trial on May 15, 1985. The record does not reflect what occurred on that date, but appellee's case was subsequently set for trial on November 5, 1985. On that date appellee filed a motion for dismissal and acquittal; after a hearing the trial court found that appellee made a demand for trial on January 16, 1985 and found further that the demand for trial was not honored during the January-February or March-April terms of court. Therefore, the court granted appellee's motion. See OCGA § 17-7-170 (b); *Bush v. State*, 152 Ga. App. 598 (263 SE2d 499) (1979).

The State contends on appeal that appellee requested a continuance on March 13, 1985, thereby waiving her right to a speedy trial. Appellee contends the continuance was granted to the State because it had not furnished a copy of a taped conversation between appellee and a police officer in response to a discovery motion by appellee. After filing a notice of appeal, the State also filed a motion to supplement the record for appeal. At a hearing on the State's motion the parties presented oral argument, but could not agree as to what happened previously in the case. The court stated that if there was not a record taken down by a court reporter (as to what occurred on March 13, 1985), it could not attest to the court calendar for that date as being true or untrue. Thus, the supplemented record is not certified as a correct representation of what transpired in this case from the time the demand for trial was filed until the court granted appellee's motion for dismissal and acquittal. In the absence of a transcript, we must assume that the trial judge performed his duties properly in dismissing the charges after a hearing on appellee's motion. *Thomas v. State*, 174 Ga. App. 560 (1) (330 SE2d 777) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 20, 1986.

*James L. Webb, Solicitor, Christiana A. Craddock, Assistant Solicitor,* for appellant.
*Herbert Shafer,* for appellee.