## 71788. MIMS v. THE STATE.
(348 SE2d 498)

DEEN, Presiding Judge.

Charged with murder, appellant was found guilty of voluntary manslaughter. On appeal he contends the evidence was insufficient to support the verdict; evidence of appellant's prior criminal acts fatally tainted the judgment; and instructions to the jury were incomplete.

1. Construed in a light most favorable to the jury's verdict, the evidence showed that appellant was engaged in a fight with the victim's brother over whether or not the brother had a gun owned by appellant's wife. Appellant and the victim's brother were exchanging blows when the victim intervened. Although the victim, hearing and speech-impaired, used sign language to say he did not wish to fight, appellant turned his fury on the victim, who used a stool to fend off appellant's blows. During this encounter appellant produced a knife with which he stabbed the victim in the heart, causing his death. Appellant then wiped the blade clean and left the scene. At trial, he claimed he acted in self-defense.

"A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a). "The 'sudden, violent, and irresistible passion' contemplated by the statute ordinarily refers to anger or rage so intense 'as to exclude all idea of deliberation or malice.' [Cit.]" *Murff v. State*, 251 Ga. 478, 480 (306 SE2d 267) (1983). A heated argument suffices as sudden, violent irresistible passion. See *Asbury v. State*, 175 Ga. App. 335 (1) (333 SE2d 194) (1985); *Brady v. State*, 159 Ga. App. 389 (1) (283 SE2d 617) (1981); *Green v. State*, 152 Ga. App. 387 (1) (262 SE2d 639) (1979). The jury determined appellant acted without malice but also without justification. Inasmuch as there was evidence to support the jury's conclusion that appellant was guilty of voluntary manslaughter beyond a reasonable doubt, we will not dis-

turb the judgment on the general grounds. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green*, supra.

2. On rebuttal, over appellant's objection, the State presented evidence of appellant's involvement in a stabbing incident which occurred seven years before the act for which appellant was on trial. The State introduced the evidence of the earlier incident as a "similar act" to rebut appellant's claim he was acting in self-defense when he fatally stabbed the victim. Immediately preceding the admission of the rebuttal testimony, the trial court informed the attorneys that testimony concerning the earlier stabbing would be allowed, but all reference to a burglary charge related to the stabbing was to be avoided. The rebuttal witness, the victim of the earlier stabbing, in response to the State's query, "Did you do anything to him to cause him to stab you?," stated, "No more than to stop him from burglarizing in my van." In response to appellant's immediate motion for a mistrial, the trial court instructed the jury to disregard everything except the fact that appellant had "cut" the witness in 1977. Appellant's renewed motion for mistrial was denied. On appeal, appellant contends the dissimilarity between the two stabbing incidents as well as the seven-year lapse of time between them should have barred the admission of the evidence of the earlier stabbing. He also contends the rebuttal witness' reference to the 1977 burglary was sufficient cause to grant a mistrial.

The transcript reveals that this witness' testimony was admitted for the limited purpose to show bent of mind, motive, and scheme, and that the court refused to allow any reference to a prior burglary. The witness' answer was unresponsive to the question and, upon motion, the trial court took prompt curative action by instructing the jury to "disregard anything with reference to anything except the fact that this man was cut by this defendant at a previous time in 1977, as the district attorney has just pointed out. Otherwise, you will pay no attention whatsoever and disabuse your minds of anything that this defendant [sic] might have said about any other offense involved in this situation." The renewed motion for a mistrial was overruled and the court again instructed the jury to "disregard anything about this man, except that he was cut, as stated by the district attorney."

It is not error for a trial court to refuse to grant a mistrial on account of the voluntary answer of a witness when corrective measures are applied immediately. *Haynes v. State*, 80 Ga. App. 99 (55 SE2d 646) (1949). When testimony placed in evidence is illegal, it is not an abuse of the trial court's discretion to refuse to grant a mistrial if the court gives sufficient corrective instructions to rule out the testimony. This rule obtains even if the defendant's character is placed in issue and especially applies where the testimony is volunteered by a witness and not directly elicited by the prosecutor. *Jones v. State*,

167 Ga. App. 847, 848 (307 SE2d 735) (1983); *Cross v. State*, 136 Ga. App. 400 (221 SE2d 615) (1975).

With regard to the similar crimes issue, there is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible, *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239) (1982), nor does the lapse of time between the two stabbings automatically require the exclusion of such evidence. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975). The trial court did not err on these two points. Even assuming there was error as to a nonconstitutional matter where, as here, the evidence was overwhelming, it is highly probable that the error did not contribute to the judgment. Therefore, the error, if any, is harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Appellant claims error in the trial court's failure to give his requested instruction on lawful act/unlawful manner involuntary manslaughter. OCGA § 16-5-3 (b). While in the past "[f]rom time to time a defendant contend[ed] that self-defense [was] a 'lawful act' while the use of excessive force convert[ed] that act into one performed in an 'unlawful manner,' thus justifying a charge based on [OCGA § 16-5-3 (b)]" (*Crawford v. State*, 245 Ga. 89 (3) (263 SE2d 131) (1980)), the flood of appeals raising such a contention was cut to a mere trickle by the Supreme Court's opinion in *Saylors v. State*, 251 Ga. 735 (3) (309 SE2d 796) (1983). There, the court reached the inevitable conclusion that "a defendant who seeks to justify homicide under the 'self-defense' statute . . . is not entitled to an additional instruction on involuntary manslaughter in the course of a lawful act . . . *whatever* the implement of death . . . For if he is justified in killing [in self-defense], he is guilty of no crime at all. If he is *not* so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) . . . , for the jury, in rejecting his claim of justification, has of necessity determined thereby that the act is not lawful." See also *Wilson v. State*, 176 Ga. App. 322 (335 SE2d 888) (1985); *Thomas v. State*, 174 Ga. App. 560 (2) (330 SE2d 777) (1985).

4. Appellant correctly notes that the trial court never informed the jury they should acquit appellant if they found appellant to have acted in self-defense, his sole defense. "Where there is only *one* defense on which a party relies, to fail to instruct the jury as to this defense so specifically that the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, virtually withdraws that defense. . . ." *Smith v. State*, 147 Ga. App. 549 (3) (249 SE2d 353) (1978). See *Dinnan v. State*, 173 Ga. App. 191 (1) (325 SE2d 851) (1984). In this case the trial court thoroughly instructed the jury on self-defense, and there was no legal requirement to explain to the jurors that if they accepted the defendant's defense they should acquit. *Lavender v. State*, 234

Ga. 608, 609 (216 SE2d 855) (1955).

5. Appellant also takes issue with the charges on reasonable doubt, mutual combat, and the burden of proof with regard to the defense of self-defense. Our review of the charge as a whole finds the instructions complained of to be sufficient. See *Payne v. State*, 233 Ga. 294 (V) (210 SE2d 775) (1974).

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley and Sognier, JJ., concur. Pope, Benham and Beasley, JJ., dissent.*

BENHAM, Judge, dissenting.

I must dissent since I do not agree with the conclusion reached in Division 2 of the majority opinion.

As has been often stated, "[o]n a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other. [Cit.] Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *Thomas v. State*, 166 Ga. App. 650 (1) (305 SE2d 182) (1983). "In addition, there are two other specific limitations pertinent to the admissibility of evidence of independent crimes. One is that regardless of the similarity of the two crimes, evidence of the separate offense should never be admitted unless the prejudice it creates is outweighed by its relevancy to the issues on trial. [Cits.] The other is that lapse of time is one of the more important factors to weigh in considering the admissibility of the evidence in question although it is not wholly determinative. [Cit.]" *Millwood v. State*, 164 Ga. App. 699, 700 (296 SE2d 239) (1982).

Having taken into account the factors which must be considered before evidence of an independent crime can be admitted, I conclude that the prejudice inherent in the admission of evidence of the earlier crime outweighs any relevancy the earlier crime had to the charge for which appellant was being tried. In the more recent incident, appellant was engaged in a brawl when he stabbed the victim; seven years earlier he had brandished a knife when surprised during the commission of a felony. The only constant was the use of a knife to inflict injury. While incidents need not be mirror images of each in order to be similar, more than identity of instrument is necessary. In addition,

while the lapse of time between incidents did not render the evidence inadmissible per se (see *Rich v. State*, 254 Ga. 11 (1) (325 SE2d 761) (1985)), it is one of the more important factors to weigh. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975). The dissimilarities of the crimes, when considered with the lapse of time between them and the prejudice resulting from the portrayal of appellant as a man who has a propensity to use a knife against those with whom he is at odds, should have rendered the rebuttal evidence inadmissible. Because I cannot discern what the jury might have done had it been unaware of appellant's past and concentrated only on the crime alleged, I would remand the case to the trial court for retrial.

The rebuttal witness' reference to the burglary only added insult to injury. The record is unclear as to whether the witness was present when the trial court cautioned against any reference to the burglary charge. If the witness was present, his deliberate disregard of the trial court's admonition is disconcerting, at the least; if he was not present the assistant district attorney was less than circumspect in failing to caution his witness to avoid any mention of the burglary.

I am authorized to state that Judge Pope and Judge Beasley join in this dissent.

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 29, 1986 

*H. William Sams, Jr.*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.